UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Najwa Safer Alharthi (Plaintiff),
by and through her representative,
Khalid Mohammed S. Alharthi,

v.

Interactive Brokers LLC (Defendant).

Civil Action No: _____

NOV 3 2025 PM 2:07
FILED-USDC-CT-HARTFORD

---

CIVIL COMPLAINT AND MOTION TO VACATE

---

1. Introduction
This action arises from Interactive Brokers LLC ("IBKR") executing and subsequently deleting a profitable options trade on SMCI, in violation of federal securities laws, SEC Rule 15c3-3, FINRA rules, and IBKR's duties as a registered broker-dealer. Plaintiff seeks compensatory and punitive damages, injunctive relief, and enforcement of proper discovery procedures to remedy IBKR's misconduct and prevent systemic risks to customer protection. Plaintiff has concurrently requested investigation by FINRA Enforcement (Case No. 25-00288) and is pursuing this action to vacate the arbitration dismissal dated September 8, 2025.

2. Jurisdiction and Venue
• 28 U.S.C. § 1331: Federal question jurisdiction under the Securities Exchange Act of 1934.
• 15 U.S.C. § 78aa: Venue and jurisdiction under the Exchange Act.
• Venue is proper because IBKR's principal office is in Greenwich, Connecticut.

3. Parties
• Plaintiff: Najwa Safer Alharthi, resident of Saudi Arabia, trading under IBKR ID dfnsa8639.
• Defendant: Interactive Brokers LLC, a FINRA member and U.S. broker-dealer, headquartered at Two Pickwick Plaza, Greenwich, Connecticut.

4. Statement of Facts
1. On December 6, 2024, Plaintiff purchased SMCI $45 Call options expiring the same day, resulting in a net profit of $16,356.
2. After market close, material news regarding Super Micro Computer (SMCI) was released, causing the contract to move significantly in-the-money during the immediate after-hours session.
3. As of 11:13 p.m. and 11:28 p.m. EST, Plaintiff's IBKR portfolio reflected the net profit of $16,356, documented with timestamped screenshots under user ID dfnsa8639.
4. By the morning of December 7, 2024, this profit was deleted from Plaintiff's account without notice, timestamp, or explanation.

5. Plaintiff submitted repeated inquiries to IBKR, which were ignored until the FINRA Ombudsman's intervention prompted IBKR's response dated January 23, 2025.

6. On March 3, 2025, Plaintiff filed for FINRA arbitration. IBKR signed the submission agreement on May 20, 2025, but repeatedly filed motions to dismiss rather than addressing the substance of the claims.

7. On July 11 and 17, 2025, IBKR sent letters refusing discovery and conditioning compliance upon withdrawal of Plaintiff's case, conduct amounting to coercion under FINRA Rules 12506–12507.

8. On August 4, 2025, the initial Prehearing Conference (PHC) was held; Plaintiff requested a Meet and Confer, which IBKR refused. On August 26, 2025, a second session occurred where dismissal and discovery issues were discussed. On September 8, 2025, the FINRA arbitration panel dismissed the case for lack of jurisdiction.

5. Legal Significance

Plaintiff's direct use of IBKR's trading platform establishes her as a customer under FINRA Rule 12200. The omnibus account defense fails per Wilson-Davis v. Mirgliotta (N.D. Ohio 2017), which holds broker-dealers liable for executed trades. Deletion of a confirmed profit post-material news violates SEC Rule 15c3-3 and suggests fraudulent intent under Section 10(b) and Rule 10b-5. IBKR's refusal to provide discovery and coercive tactics constitute procedural obstruction and a breach of fiduciary duty.

6. Causes of Action
• Count I – Securities Fraud (15 U.S.C. § 78j(b); SEC Rule 10b-5): IBKR's deletion of the $16,356 profit constitutes fraud.
• Count II – Violation of SEC Rule 15c3-3: Failure to safeguard customer funds.
• Count III – Breach of Fiduciary Duty: Misrepresentation and obstruction of Plaintiff's rights.
• Count IV – Fraudulent Misrepresentation and Obstruction: Defendant's letters (July 11 & 17, 2025) attempted to coerce Plaintiff into withdrawing her case, amounting to procedural fraud.

7. Motion to Vacate Arbitration Award

Plaintiff further moves to vacate the FINRA arbitration panel's dismissal order dated September 8, 2025, pursuant to 9 U.S.C. § 10(a)(3) and (4) of the Federal Arbitration Act (FAA), on the following grounds:

1. Misconduct and Procedural Irregularities (9 U.S.C. § 10(a)(3)) – The arbitration panel refused to hear material evidence, including timestamped screenshots proving Plaintiff's direct trading activity and the deletion of profits by IBKR's system.

2. Exceeding Powers and Manifest Disregard of Law (9 U.S.C. § 10(a)(4)) – The panel exceeded its authority by dismissing the claim for lack of jurisdiction while Plaintiff clearly qualified as a "customer" under FINRA Rule 12200.

3. Failure to Address Core Issues – The arbitration panel avoided the substantive question of whether IBKR executed and then deleted Plaintiff's profitable SMCI options trade on December 6–7, 2024.

Relief Requested under Motion to Vacate

1. Vacate the arbitration panel's dismissal order dated September 8, 2025.
2. Remand the matter to a new FINRA arbitration panel for a hearing on the merits, or alternatively, retain jurisdiction to adjudicate the claims directly.

3. Order IBKR to produce the full audit trail, internal communications, and compliance records concerning Plaintiff's account and the SMCI trade.

8. Relief Requested
1. Award compensatory damages in an amount not less than $16,356, representing the deleted profit.
2. Award punitive damages to deter similar conduct by IBKR and other broker-dealers.
3. Order IBKR to produce the complete audit trail and internal communications regarding Plaintiff's account and the SMCI options trade.
4. Issue injunctive relief requiring IBKR's compliance with SEC Rule 15c3-3 and FINRA discovery rules.
5. Award Plaintiff litigation costs and any further relief deemed just and proper.

9. Jury Trial Demand
Plaintiff hereby demands a trial by jury on all issues so triable.

10. Key Exhibits
1. Timestamped portfolio screenshots, Dec 6–7, 2024
2. IBKR letters, Jul 11 & 17, 2025
3. FINRA arbitration filing & submission agreement
4. SEC early notice & formal complaint, Matter ID 20250724-00017088
5. Legal response citing FINRA Rules 12506, 12511, 12200
6. Documents from Aug 4 & 26, 2025 sessions (Meet and Confer refusal & dismissal)

11. Updated Procedural Timeline
Dec 6, 2024 – Executed SMCI $45 Call options, net profit $16,356
Dec 7, 2024 – Profit deleted without notice
Jan 23, 2025 – First IBKR response after FINRA Ombudsman intervention
Mar 3, 2025 – FINRA arbitration filed
May 20, 2025 – IBKR signed arbitration submission agreement
Jul 11–17, 2025 – Refused discovery, conditioned compliance on withdrawal
Aug 4, 2025 – Initial PHC; Plaintiff requested Meet and Confer → IBKR refused
Aug 26, 2025 – Second session; dismissal and discovery discussed
Sep 8, 2025 – Case dismissed 13 days after second session

Respectfully submitted,
Signature of Plaintiff: *Khalid*
Dated: October 27, 2025

---

Khalid Mohammed S. Alharthi
Representative for Plaintiff
Najwa Safer Alharthi
Al-Qudwah St., Bldg. 20, Riyadh 14723, Saudi Arabia
Email: al_harthi911@hotmail.com
Phone: 00966502252255

### 7 December 2024
7:28 AM

## الملخص

اعتبارا من الآن ago

القيمة السوقية   العملات   الهامش   الصناديق   الأرصدة

### الأرصدة
Total (USD)

| | |
|---|---|
| 16,357.62 | صافي قيمة التصفية |
| 0.00 | صافي التصفية قيد التأكيد |
| 1.62 | Reg T Equity With Loan Value |
| 1.62 | النقدية |
| 16,356.00 | القيمة الإجمالية لمراكز الأوراق المالية |
| 0.00 | الفائدة من شهر حتى الان |
| تحديد الحساب | التداولات اليومية المتبقية |

انتقل إلى محلل المحفظة



الصناديق

    
الأسواق   قائمة المراقبة       المحفظة   الرئيسية



7 December 2024
7:13 AM

**16,358**
-2,691

ربح وخسارة غير محققة   -3,560
الربح والخسارة المحققة   0

المراكز   الخيارات   الأرصدة   الأوامر   Impact Lens

| أداة | الآخير | التغير | الصفقة | الربح والخسارة | %NetLiq |
|---|---|---|---|---|---|
| NVDA DEC 06 '24 147 Call | ♦0.01 | -0.32 | 50 | -1,645 | 0.03% |
| SMCI DEC 06 '24 45 Call | ♦0.01 | -0.18 | 58 | -1,047 | 0.12% |

الأرصدة النقدية

السيولة النقدية USD            1.62  القيمة السوقية

مجموع السيولة النقدية          1.62  القيمة السوقية

البيانات مدعومة من GFIS



**InteractiveBrokers**

Vincent P. Iannece
Associate General Counsel
(203) 992-0543 | viannece@interactivebrokers.com

**Interactive Brokers LLC**
2 Pickwick Plaza
Greenwich, CT 06830
www.ibkr.com

July 11, 2025

**VIA DR PORTAL**
Khalid Mohammed S. Al-Harthi
Al-Qudwah Street, Building 20
Riyadh, Saudi Arabia 14723

      Re:    *Najwa Safer Alharthi v. Interactive Brokers LLC,*
             **FINRA Arbitration No. 25-00288**

Dear Mr. Al-Harthi:

I write on behalf of Respondent Interactive Brokers LLC ("IBKR") in the above-referenced arbitration. As you know, IBKR contests FINRA's jurisdiction over this present matter, which was brought against IBKR by an admitted non-customer, and has moved to dismiss this action, pursuant to FINRA Customer Code Rule 12504(a)(6)(B), on this basis. Accordingly, IBKR disputes the applicability of FINRA Customer Code Rule 12506, and will not be producing any documents responsive to List 1 of FINRA's Discovery Guide (Documents the Firm/Associated Persons Shall Produce in All Customer Cases) ("List 1 Discovery") at this time.

Notwithstanding the above, IBKR expressly reserves the right to, consistent with FINRA Customer Code Rule 12506, respond and/or object to List 1 Discovery within 60 days of any ruling by the Panel denying IBKR's pending Motion to Dismiss.

                                                  Sincerely,

                                                  */s/ Vincent P. Iannece*

                                                  Vincent P. Iannece
                                                  Associate General Counsel
                                                  Interactive Brokers LLC

**InteractiveBrokers**

Vincent P. Iannece
Associate General Counsel
(203) 992-0549 | viannece@interactivebrokers.com

**Interactive Brokers LLC**
2 Pickwick Plaza
Greenwich, CT 06830
www.ibkr.com

August 25, 2025

**VIA DR PORTAL**
Khalid Mohammed S. Al-Harthi
Al-Qudwah Street, Building 20
Riyadh, Saudi Arabia 14723

    Re:    *Najwa Safer Alharthi v. Interactive Brokers LLC*,
            **FINRA Arbitration No. 25-00288**

Dear Mr. Al-Harthi:

I write on behalf of Respondent Interactive Brokers LLC ("IBKR") in the above-referenced arbitration. As you know, IBKR contests FINRA's jurisdiction over this present matter, which was brought against IBKR by an admitted non-customer, and has moved to dismiss this action, pursuant to FINRA Customer Code Rule 12504(a)(6)(B), on this basis. Accordingly, IBKR disputes the applicability of FINRA Customer Code Rule 12507, and will not be producing any documents responsive to Claimant's First Request for the Production of Documents and Information, dated June 24, 2025 (the "RFPs"), at this time.

Notwithstanding the above, IBKR expressly reserves the right to, consistent with FINRA Customer Code Rule 12507, respond and/or object to the RFPs within 60 days of any ruling by the Panel denying IBKR's pending Motion to Dismiss.

                                                  Sincerely,

                                                  /s/ *Vincent P. Iannece*

                                                  Vincent P. Iannece
                                                  Associate General Counsel
                                                  Interactive Brokers LLC